# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN C. HALLOCK, | |
| Plaintiff, | CIVIL ACTION NO. 3:16-cv-00595 |
| v. | (SAPORITO, M.J.) |
| GREEN RIDGE PERSONAL CARE LLC t/a The Gardens of Green Ridge, et al., | |
| Defendants. | |

FILED
WILKES BARRE

Per M S

## MEMORANDUM

This is a diversity action for wrongful termination. Now before the Court is the defendants' motion for summary judgment. (Doc. 29).

In her amended complaint (Doc. 23), the plaintiff, Lynn C. Hallock, has asserted a single count of common law wrongful termination against her former employer and a company that provided administrative consulting services under contract with her employer. In particular, she alleges that the defendants terminated her in retaliation for her reporting an incident of elder abuse to a county agency. In their motion for summary judgment, the defendants have articulated a number of reasons why they should be granted summary judgment. We find one particularly salient.

Under Pennsylvania law, "as a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship." *Clay v. Adv. Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989) (citing *Geary v. U.S. Steel Corp.*, 319 A.2d 174 (Pa. 1974)). "Exceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." *Id.* More specifically, Pennsylvania courts have held that "to justify the application of the public policy exception, the employee must point to a clear public policy articulated in the constitution, statutes, regulations or judicial decisions directly applicable to the facts in the case." *Owens v. Lehigh Valley Hosp.*, 103 A.3d 859, 862–63 (Pa. Commw. Ct. 2014) (quoting *Davenport v. Reed*, 785 A.2d 1058, 1063–64 (Pa. Commw. Ct. 2001)). Moreover, "a claim will not succeed where an employer has a 'separate, plausible, and legitimate reason for the discharge.'" *Id.* (quoting *Davenport*, 785 A.2d at 1064)).

In their brief in support of summary judgment, the defendants argued that the plaintiff had failed to identify a clear public policy rooted in Pennsylvania's constitution, statutes, regulations, or judicial decisions. In her brief in opposition, the plaintiff responded by pointing

to a provision in the Older Adults Protective Services Act, 35 P.S. § 10225.101 *et seq.*, which provides that:

> Any person making a report or cooperating with the agency, including providing testimony in any administrative or judicial proceeding, and the victim shall be free from any discriminatory, retaliatory or disciplinary action by an employer or by any other person or entity. Any person who violates this subsection is subject to a civil lawsuit by the reporter or the victim wherein the reporter or victim shall recover treble compensatory damages, compensatory and punitive damages or $5,000, whichever is greater.

35 P.S. § 10225.302(c).

In their reply, the defendants argue that they are entitled to summary judgment because this provision explicitly provides its own statutory civil remedy. This argument is well taken.

It is well established that, under Pennsylvania law, the public policy exception applies only where no statutory civil remedies are available. *See Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 898 (3d Cir. 1983); *Larochelle v. Wilmac Corp.*, 210 F. Supp. 3d 658, 713–14 (E.D. Pa. 2016); *Clay*, 559 A.2d at 918–19. "Courts have routinely dismissed wrongful discharge claims when the plaintiffs who bring them have available statutory remedies for alleged discrimination or retaliation." *Larochelle*, 210 F. Supp. 3d at 713. The statutory provision relied upon

by the plaintiff in this case explicitly provides a civil remedy for alleged retaliation, authorizing a statutory cause of action not merely for compensatory damages, but for treble compensatory damages, compensatory plus punitive damages, or statutory damages of $5,000, whichever is greater. *See* 35 P.S. § 10225.302(c). In *Larochelle*, our sister court considered this very same Pennsylvania statute and concluded that a plaintiff has "an 'available statutory remedy' in [35 P.S. § 10225.302]. Because there is an available statutory remedy in [35 P.S. § 10225.302], plaintiffs may not pursue their claims as common law wrongful discharge claims." *Id.* at 714 (granting summary judgment to defendant-employer). We agree, and we find that summary judgment for the defendants on this common law tort claim is appropriate.

But that is not necessarily the end of this story. As noted above, the plaintiff has pleaded a single count of common law wrongful termination in her amended complaint. She has not pleaded a statutory claim of unlawful retaliation for activity protected under the Older Adults Protective Services Act, 35 P.S. § 10225.302(c). Pleading requirements are strictly enforced where, as here, the plaintiff is represented by counsel. *Sell v. Barner*, 586 F. Supp. 319, 321 (E.D. Pa. 1984). Thus, we

decline to construe this plaintiff's counseled complaint to plead a statutory claim that is not there.

Nevertheless, we note that the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Here, the issue is presented to us on summary judgment rather than by a motion for dismissal. But the "spirit of the Federal Rules" is to ensure "decisions on the merits." *Foman v. Davis*, 371 U.S. 178, 181 (1962). Based on the facts adduced by the parties on summary judgment, a statutory claim would not be futile. Nor do we find that it would be inequitable to permit the plaintiff to proceed on that basis, particularly because the purely legal question upon which this motion for summary judgment turns could have been presented at the pleadings stage and the deficiency cured by amendment at an earlier stage of litigation.

Thus, we will briefly stay the entry of judgment and grant the

plaintiff a short period in which to file a second amended complaint appending an additional count pleading a statutory claim of unlawful retaliation for activity protected under the Older Adults Protective Services Act, 35 P.S. § 10225.302(c).[1] *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 35 (2012) ("District courts have broad discretion to manage their dockets . . . ."); *Lee v. Weisman*, 505 U.S. 577, 595 (1992) ("Law reaches past formalism."); *United States v. Baez*, 349 F.3d 90, 93 (2d Cir. 2003) ("[C]ourts should not elevate legalistic formalism over substance."); *Just Enters., Inc. v. O'Malley & Langan, P.C.*, 560 F. Supp. 2d 345, 352–53 (M.D. Pa. 2008) ("'A United States district court has broad power to stay proceedings' as part of the court's responsibility to manage its docket in an efficient fashion.") (quoting *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)).

An appropriate Order follows.

Dated: September **24**, 2018

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[1] To be clear, the second amended complaint should retain Count I, asserting common law wrongful termination, upon which judgment in favor of the defendants will be entered. It should add a new "Count II," asserting the statutory unlawful retaliation claim.